IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 95-20419 & 95-20523
_____


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellant,

versus

WYNELL, INC., d/b/a A & B NURSERY SCHOOL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
CA-H-92-3938
_____

June 6, 1996

Before KING, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

This consolidated appeal arises from a bench trial at which
the district court denied injunctive relief by granting Defendant-
Appellee A & B Nursery's ("A & B") motion for judgment as a matter
of law and subsequently awarding attorneys' fees to A & B as
prevailing party in a Title VII action pursuant to 42 U.S.C. §
2000e-5(k).    On appeal, Plaintiff-Appellant Equal Employment
Opportunity Commission ("E.E.O.C.") challenges the district court's

_____

    [*]  Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

judgment dismissing its claim that A & B's English-only rule has a disparate impact on its Hispanic employees based on their national origin. The E.E.O.C. also challenges the district court's award of attorneys' fees on the ground that the E.E.O.C.'s claims are frivolous, unreasonable, or without foundation. We affirm the district court's judgment on the disparate impact claim, but reverse the court's award of attorneys' fees to A & B.

## I.

The record supports the E.E.O.C.'s claim that a sign was posted on the employees' bulletin board at A & B dictating the speaking of English under threat of termination in violation of section 703(a)(1) of Title VII.[1] However, the testimonial evidence presented at trial shows that no Hispanic employee who spoke Spanish on the premises of A & B was ever penalized outside of the reminders made by A & B's owner and administrator L.E. Kline to "speak English" or "don't speak Spanish." No evidence was presented that any employee was impacted by suspension, demotion,

---

[1] Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 provides in pertinent part:

(a) **Employer Practices**
It shall be unlawful employment practice for an employer-
  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

42 U.S.C. § 2000e-2(a)(1).

loss of pay, or termination for violating A & B's English-only rule posted on the employees' bulletin board.

Under either the "significantly adverse impact" standard adopted by the district court from the Ninth Circuit in *Garcia v. Spun Steak Co.*[2] or the "significantly discriminatory impact" standard enumerated by the Supreme Court in *Connecticut v. Teal*[3], we must conclude after a review of the record in this case that the E.E.O.C. failed to make a *prima facie* showing of disparate impact because A & B's English-only rule did not have any adverse impact, significant or otherwise, on the Hispanic employees who spoke Spanish, in spite of the sign's mandate to only speak English. To the extent that the E.E.O.C. claims the English-only rule precluded Hispanic employees from communicating with each other in their first language while English speaking employees were not so precluded, we note that the record reflects that the Hispanic employees did not follow the rule and did in fact speak Spanish in the workplace. The district court did not err in denying relief at the close of the E.E.O.C.'s case-in-chief.

## II.

In its order awarding attorneys' fees to A & B, the district court stated that the E.E.O.C. continued to pursue its case even

---

[2]  998 F.2d 1480, 1486 (9th Cir. 1993), *cert. denied*, ___U.S.___, 114 S.Ct. 2726, 129 L.Ed.2d 849 (1994).

[3]  457 U.S. 440, 446, 102 S.Ct. 2525, 2530, 73 L.Ed.2d 130 (1982).

though it was clear that the English-only rule had no significant adverse impact, and that the E.E.O.C. could not prove pretext in its retaliatory discharge claim[4].   We find, however, that the district court abused its discretion in granting A & B's motion for attorneys' fees.   While the E.E.O.C. did not present sufficient evidence to show a significant adverse impact in its disparate impact claim or pretext in its retaliatory discharge claim, we cannot say that it was clear that the E.E.O.C.'s claims were frivolous, groundless, or without foundation.   *Abraham v. Southwestern Bell Yellow Pages, Inc.*, No. 93-8178 at 12 (5th Cir. 1993) (unpublished).   Failure to succeed on the merits of a Title VII claim does not automatically entitle a prevailing defendant to attorneys' fees.   Attorneys' fees are awarded to a prevailing defendant in a Title VII action only in extreme cases.   *Id.*   This case is not extreme.   Accordingly, we reverse the award of attorneys' fees.

### III.

In conclusion, we AFFIRM the district court's grant of judgment as a matter of law to A & B on the E.E.O.C.'s disparate impact claim.   However, we REVERSE the district court's decision to award attorneys' fees to A & B.   Accordingly, the decision of the district court is AFFIRMED in part and REVERSED in part.

---

[4]   The E.E.O.C.'s Title VII claims also included A & B's alleged retaliatory discharge of one of the Hispanic employee.  The retaliatory discharge claim was not raised in this appeal.

4